IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Gary D. Hammond,                              :

        Plaintiff                     :          Civil Action 09-cv-01045

  v.                                         :          Judge Holschuh

Southeastern Ohio Regional Jail               :          Magistrate Judge Abel
Warden,
                                              :
        Defendant

**INITIAL SCREENING ORDER**

Plaintiff Gary D. Hammond brings this action for libel against the Warden of the Southeastern Regional Jail. Plaintiff's request to proceed *in forma pauperis* is DENIED. This matter is now before the Magistrate Judge for an initial screening of the complaint under 28 U.S.C. §1915A(e)(2) to identify cognizable claims, and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608-09 (6th Cir. 1997). The Magistrate Judge finds that the complaint fails to state a claim upon which relief may be granted and therefore RECOMMENDS that the complaint be dismissed.[1]

---

[1]In case number 2:08-cv-541, the Court ruled that plaintiff was a vexatious litigator because he had filed six cases concerning the May 2008 arrest. As a result, Hammond was barred from filing any action in this Court without submitting a certification from an attorney that his claims are warranted or tendering a proposed complaint for review by this Court prior to the actual filing of the complaint in the

1

The complaint alleges defendant failed to remove one of the charges pending against him relating to his May 21, 2008 arrest on the jail's website. The complaint asserts that the failure to remove this charge caused him to plead no contest and that any potential jury member would have been prejudiced against him had they accessed the jail's website.

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (U.S. 2007) (citing *Bell v. Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982). Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations, *see Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *Blackburn v. Fisk Univ.*, 443 F.2d 121, 123-124 (6th Cir. 1971). In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading. *See Fitzke v. Shappell*, 468 F.2d 1072,

---

Court's docketing system. The Court further ordered that if plaintiff ever filed a complaint in this or any other Court concerning this matter, his complaint must include the caption and case number of all the prior actions he has filed.

1076 n.6 (6th Cir. 1972). Moreover, *pro se* complaints must be liberally construed. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

To the extent plaintiff may seek to plead a defamation claim under 42 U.S.C. § 1983, it fails to state a claim for relief. *Davis,* 424 U.S. 693, 713 (1976). Libel is an Ohio law claim. Since plaintiff and defendant are both Ohio residents, there is no basis for jurisdiction under 28 U.S.C. § 1332. Consequently, this Court does not have subject matter jurisdiction to adjudicate this lawsuit under 28 U.S.C. § 1343(3) because plaintiff has not asserted that he has been deprived of a right secured by federal law or the Constitution. Accordingly, it is RECOMMENDED that the complaint be DISMISSED for failure to state a claim and want of subject matter jurisdiction.

IT IS FURTHER ORDERED that the United States Marshal serve upon each defendant named in complaint a summons, a copy of the complaint, and a copy of this Order.

The Clerk of Court is DIRECTED to mail a copy of this Order to the defendant Southeastern Ohio Regional Jail.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District

Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel  
United States Magistrate Judge

4